IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **SHARON L. HATCHER,** | CASE NO. 1:20-CV-02508 |
| **Plaintiff,** | |
| -vs- | JUDGE PAMELA A. BARKER |
| **CUYAHOGA METROPOLITAN HOUSING AUTHORITY,** | MEMORANDUM OF OPINION AND ORDER |
| **Defendant.** | |

Pending before the Court is Defendant Cuyahoga Metropolitan Housing Authority's ("CMHA") Motion to Dismiss Count I of Plaintiff's Complaint. (Doc. No. 12.) Plaintiff Sharon Hatcher ("Hatcher") did not file an Opposition to CMHA's Motion. For the reasons discussed below, CMHA's Motion is GRANTED.

**I.  Background**

Hatcher is an African-American woman and former employee of CMHA. (Doc. No. 1, ¶¶ 3, 5.) At the time she was employed by CMHA, she was 57 years old. (*Id.* at ¶ 6.) Hatcher alleges that CMHA is "a political subdivision of the State of Ohio" and that it "owns and manages property and administers rent subsidy programs to low-income individuals and families with its principal place of business at 8200 Kinsman Road, Cleveland, Ohio." (*Id.* at ¶ 4.) On November 6, 2020, Hatcher filed the instant Complaint *pro se*, asserting five causes of action: (1) Count I, race discrimination in violation of 41 U.S.C. § 1981; (2) Count II, race and gender discrimination in violation of Title VII; (2) Count III, age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"); (4) Count IV, wrongful termination based on age discrimination in violation of the

ADEA; and (5) Count V, wrongful termination based on race and gender discrimination in violation of Title VII. (*Id.* at ¶¶ 147-81.)

On December 23, 2020, CMHA filed its Answer. (Doc. No. 5.) On April 16, 2021, CMHA filed the instant Motion to Dismiss Count I of Plaintiff's Complaint. (Doc. No. 12.) Hatcher did not oppose CMHA's Motion.

II.     **Standard of Review**

CMHA moves to dismiss Count I pursuant to Fed. R. Civ. P. 12(b)(6). Under Fed. R. Civ. P. 12(b)(6), the Court accepts the plaintiff's factual allegations as true and construes the Complaint in the light most favorable to the plaintiff. *See Gunasekara v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). In order to survive a motion to dismiss under this Rule, "a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

The measure of a Rule 12(b)(6) challenge—whether the Complaint raises a right to relief above the speculative level—"does not 'require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.'" *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting in part *Twombly*, 550 U.S. at 555-56, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Deciding whether a complaint

states a claim for relief that is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Consequently, examination of a complaint for a plausible claim for relief is undertaken in conjunction with the "well-established principle that 'Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Gunasekera*, 551 F.3d at 466 (quoting in part *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)) (quoting *Twombly,* 127 S.Ct. at 1964). Nonetheless, while "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal,* 556 U.S. at 679, 129 S.Ct. 1937.

### III. Analysis

CMHA argues that Count I (Hatcher's § 1981 claim[1]) should be dismissed because it is barred by the Eleventh Amendment. (Doc. No. 12, PageID# 119.) For the following reasons, the Court concludes that Hatcher's § 1981 claim against CMHA is barred by the Eleventh Amendment.

The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. Eleventh Amendment immunity extends to suits brought by citizens against their own states. *See, e.g., Ladd v. Marchbanks*, 971 F.3d 574, 578 (6th Cir. 2020). It also extends to suits against state agencies or departments, as well as to "suit[s] against state officials when 'the

---

[1] "Section 1981 prohibits racial discrimination in the making and enforcement of contracts." *McCormick v. Miami Univ.*, 693 F.3d 654, 659 (6th Cir. 2012).

state is the real, substantial party in interest.'" *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-101 (1984) (citations omitted). As the United States Supreme Court has explained, a suit against a State, a state agency or its department, or a state official is in fact a suit against the State and is barred "regardless of the nature of the relief sought." *Id*. at 100-02 (citations omitted). *See also McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) ("Eleventh Amendment immunity 'bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, by citizens of another state, foreigners or its own citizens.'") (quoting *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993) (internal citations omitted)).

According to Ohio Rev. Code § 2744.01, a "political subdivision" of the state "means a municipal corporation, township, county, school district, or other body corporate and politic responsible for governmental activities in a geographic area smaller than that of the state." Under Ohio Rev. Code § 3735.31, "[a] metropolitan housing authority created under sections 3735.27 to 3735.50 of the Revised Code constitutes a body corporate and politic." Further, under Ohio Rev. Code § 3735, 50, "[a] metropolitan housing authority, created under section 3735.27 of the Revised Code, constitutes a political subdivision of the state within the meaning of section 5739.02 of the Revised Code." Thus, CMHA, a metropolitan housing authority created under Ohio Rev. Code § 3535.27 *et seq.*, is a political subdivision of the state of Ohio.[2] *Id*. *See also Moore v. Lorain Metro. Hous. Auth.*, 905 N.E.2d 606, 608 (Ohio 2009); *Mahaley v. Cuyahoga Metro. Hous. Auth.*, 355 F. Supp. 1245, 1246 (N.D. Ohio 1973) ("The defendants are the Cuyahoga Metropolitan Housing Authority, which is a public corporation created under Section 3735.27 *et seq.* of the Ohio Revised Code . . . .")

---

[2] It appears that Hatcher agrees that CMHA is a political subdivision of the state, as she alleges such at the outset of her Complaint. (Doc. No. 1, ¶ 4.)

It is well-settled that the Eleventh Amendment bars suits against states, as well as their political subdivisions. *See, e.g., McCormick*, 693 F.3d at 691 (affirming dismissal of a § 1981 claim against a public university because a public university qualifies as an arm of the state and, thus, is immune from suit under the Eleventh Amendment); *Davis v. Kent State Univ.*, 928 F. Supp. 729, 732 (N.D. Ohio 1996) (dismissing § 1981 claim against public university because the public university is an arm of the state and therefore immune from suit under the Eleventh Amendment). Therefore, the Eleventh Amendment bars Hatcher's § 1981 claim against CMHA, a political subdivision of the state of Ohio. *Id.* Accordingly, Count I is dismissed.

## IV.    Conclusion

Accordingly, for the reasons set forth above, Defendant's Motion to Dismiss (Doc. No. 12) is GRANTED.

**IT IS SO ORDERED.**

Date:  May 27, 2021

       *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE